## NATIONAL GRANGE MUTUAL INSURANCE COMPANY,

v.

## SHARP EQUIPMENT COMPANY OF READING PA; Korey Blanck (E.D. of PA Civil No. 01–cv–00628),

---

Sharp Equipment Company of Reading
PA; Korey Blanck,

v.

National Grange Mutual Insurance
Company (E.D. of PA Civil No. 01–cv–
01184) Sharp Equipment Company of
Reading, PA and Korey Blanck, Appellants.

No. 02–1876.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) Dec. 17, 2002.

Decided Jan. 17, 2003.

Before NYGAARD, ALITO and
MCKEE, Circuit Judges.

OPINION

MCKEE, Circuit Judge.

Sharp Equipment Co. of Reading PA, and its sole shareholder and president, Korey Blanck, are insureds of National Grange Mutual Insurance Co. They appeal the district court's order granting National Grange's motion for discovery sanctions by dismissing Sharp's and Blanck's breach of contract and bad faith actions. We will affirm.

Inasmuch as the district court has already set forth the factual and procedural history of this case, it is unnecessary to repeat that history here. *See Sharp Equipment v. National Grange,* Nos. 01–0628 and 01–1184, 2002 WL 442823 (E.D.Pa. Mar.1, 2001). It is sufficient to note for our purposes that the record fully supports the district court's finding that there have "been repeated, prejudicial, and wilful delays in document discovery, answering interrogatories and Mr. Blanck's depositions." *Id.* at *1. Moreover, the district court has fully and completely analyzed each of the relevant six factors we established in *Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 863 (3d Cir.1984), for determining whether dismissal is an appropriate discovery sanction. We can add nothing to district court's thoughtful and searching analysis. The district court clearly did not abuse its discretion by dismissing the actions. Therefore, we will affirm substantially for the reasons set forth in the opinion of the district court.